UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

BRUCE HEARD, JR.                                                             PETITIONER
ADC #168843

VS.                             2:19-CV-00015-KGB-JTR

ST. FRANCIS COUNTY                                                           RESPONDENT

### RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

### I. Introduction

On February 6, 2019, Petitioner Bruce Heard, Jr. ("Heard"), filed a *pro se* Petition for Writ of Habeas Corpus. *Doc. 1.*[1] Liberally construing Heard's habeas

---

[1] Heard is currently incarcerated in the ADC serving a 20-year sentence for his 2017 first-degree battery conviction and a consecutive 6-year sentence for his 2017 theft of property conviction. *See State v. Heard*, St. Francis County Cir. Ct. Nos. 62CR-15-252 and 62CR-15-213 (these dockets may be viewed at https://caseinfo.aoc.arkansas.gov). However, Heard does *not* challenge those previous convictions or the resulting sentences in this habeas Petition.

Petition, he claims that he has been wrongfully *charged* with first-degree murder and intimidating a witness in *State v. Heard*, 62CR-17-231, currently pending in St. Francis County Circuit Court. *Doc. 1 at 1*. Although Heard fails to state whether he is pursuing relief under 28 U.S.C. § 2241 or § 2254, the Court construes his Petition as seeking habeas relief under § 2241.[2]

For the reasons stated below, the Court recommends that Heard's Petition for Writ of Habeas Corpus be dismissed.[3]

## II. Discussion

In reviewing a federal habeas petition, a court must summarily deny relief "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing § 2254 Cases in the United

---

[2] Because Heard seeks relief before trial and judgment in state court, his remedy, if any, lies under § 2241(c)(3). *Neville v. Cavanaugh*, 611 F.2d 673, 675 (7th Cir. 1979) (federal court's jurisdiction over pretrial habeas petition is under § 2241(c)(3)); compare *Crouch v. Norris*, 251 F.3d 720, 723 (8th Cir. 2001) (person in custody pursuant to the judgment of state court can obtain habeas relief only through § 2254, no matter how pleadings are styled; rejecting state prisoner's contention that his petition should be classified as § 2241 petition).

[3] Several procedural deficiencies also make service of Heard's habeas Petition inappropriate at this time: (1) the Petition is not signed under penalty of perjury; (2) the Petition fails to name a proper Respondent; and (3) the Petition is not accompanied by a filing fee or an application to proceed *in forma pauperis*. While the Court would normally allow Heard the opportunity to correct these deficiencies, his allegations make clear he has not yet exhausted his state court remedies and that his habeas claims are premature. Thus, even if he resubmitted his habeas Petition in proper form, this Court could not grant him the requested habeas relief, which would require this Court to order St. Francis County Circuit Court to dismiss the charges pending against him.

States District Courts (applicable to § 2241 petitions under Rule 1(b)); 28 U.S.C. § 2243.  Additionally, a court "may take judicial notice of proceedings in other courts of record."  *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980); *see also Hood v. United States*, 152 F.2d 431 (8th Cir. 1946) (federal district court may take judicial notice of proceedings from another federal district court).

The Court takes judicial notice that: (1) Heard is charged with one count of first-degree murder and one count of intimidating a witness in a pending criminal case in St. Francis County; (2) Heard has not been tried on these charges; and (3) Heard is currently incarcerated in the ADC, serving time on convictions and sentences that he does not challenge in this habeas Petition.[4] *See State v. Heard*, St. Francis County Cir. Ct. Case No. 62CR-17-231, docket available at https://caseinfo.aoc.arkansas.gov.

Before a state prisoner can seek federal habeas relief, he ordinarily must "exhaust[t] the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A), thereby affording those courts "the first opportunity to review [a federal constitutional] claim and provide any necessary relief" for alleged violations of a prisoner's federal constitutional rights. *O'Sullivan v. Boerckel*, 526 U.S. 838,

---

[4] ADC records demonstrate that Heard's parole eligibility / transfer eligibility date on previous first-degree battery and theft convictions is December 30, 2022. *See* https://apps.ark.org/inmate_info/search.php.

844-845 (1999). State remedies are not exhausted if a petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). State prisoners must "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

Heard's sole claim in his habeas Petition is that the two pending state criminal charges against him are based on nothing more than his prior criminal history and the false allegations of two witnesses.[5] Thus, he is attempting to use this habeas action to challenge the still pending state criminal charges, even though he has not yet been tried or convicted of those charges.

"Absent extraordinary circumstances, federal courts should not interfere with the states' pending judicial processes prior to trial and conviction, even though the prisoner claims he is being held in violation of the Constitution." *Sacco v. Falke*, 649 F.2d at 636 (quoting *Wingo v. Ciccone*, 507 F.2d 354, 357 (8th Cir. 1974)). While there are narrow exceptions to this rule, Heard has made no showing that: (1) the existing state criminal procedures are ineffective to protect his constitutional

---

[5] "[T]he courts are using my past record that I have already been sentence[d] for and serving my debts to society . . . without evidence . . . I have no thoughts of why Miss. Ryeisha Farris and Officer Dowdy would fabricate the allegations of me killing another man . . . without a reason . . . and to be charged basically on [hearsay]. . . I don't know why I am being wrongfully accused of [intimidating a witness] on the grounds of my past actions." *Doc. 1 at 1*.

rights; or (2) there are "special circumstances" related to the criminal charges pending against him in St. Francis County Circuit Court that might trigger one of those exceptions.

Accordingly, the Court recommends dismissing, without prejudice, Heard's Petition for Writ of Habeas Corpus.

### III. Conclusion

IT IS THEREFORE RECOMMENDED, *SUA SPONTE*, that Petitioner Bruce Heard, Jr.'s Petition for Writ of Habeas Corpus, *Doc. 1*, be dismissed, without prejudice.

IT IS FURTHER RECOMMENDED that a Certificate of Appealability be DENIED.  *See* 28 U.S.C. § 2253(c)(1)-(2); Rule 11(a), Rules Governing § 2254 Cases in United States District Courts.

Dated this March 14, 2019.

                                                        _____
                                                        UNITED STATES MAGISTRATE JUDGE